UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| VS. | ) | CASE NO. 1:15-CR-00623-1 |
| | ) | |
| | ) | The Honorable Matthew F. Kennelly |
| MICHAEL HALDORSON, | ) | |
| *Also known as,* | ) | |
| *Mike Jones.* | ) | |
| | ) | |
| Defendant. | ) | |

## MICHAEL HALDORSON'S MOTION FOR
## COURT-APPOINTED ATTORNEY REPRESENTATION

Now comes the defendant, Michael Haldorson, by Elizabeth A. Johnson, attorney at law, pursuant to U.S. Const. Amend. §V, §VI and §XIV; 18 U.S.C. §3006A *et. seq.*; 28 U.S.C. §1915 *et. seq.*, Fed. R. Crim. P. 5, Fed. R. Crim. P. 44, L.R. 3.3(a)(2), L.R. 83.36, *et. seq.*, and hereby requests that this Honorable Court issue an order granting this Motion and appointing Mr. Haldorson court-appointed attorney representation[1] in this instant cause.

**In support thereof, Mr. Haldorson states the following:**

1. Michael Haldorson was arrested on June 23, 2015 in Will County, Illinois. Mr. Haldorson was initially charged with offenses stemming from the same set of facts in state court. On October 13, 2015 was charged with a federal criminal complaint and arrested thereon on October 14, 2015.

2. On December 9, 2015, a federal grand jury returned a Bill of Indictment[2] and Mr. Haldorson was thereafter arraigned on said Indictment on December 22, 2015 before

---

[1] 18 U.S.C.A. §3006A(b), (e); Fed. R. Crim. P. 44.
[2] *U.S. v. Haldorson*, Docket No. 34.

the Honorable Judge Matthew Kennelly.

3. On November 24, 2015, Mr. Haldorson requested the assistance of counsel and after a screening process, whereby Mr. Haldorson completed an Affidavit[3] and provided all necessary/requested documentation, the Court found him to be indigent and entered an order[4] appointing counsel to represent him at no cost pursuant to the Criminal Justice Act[5].

4. On May 6, 2016, his CJA appointed counsel, Quinn Michaelis, filed a Motion to Withdraw.[6] On May 19, 2016, the Court granted her Motion.

5. Pursuant to the Criminal Justice Act (C.J.A.),[7] "each United States district court…shall place in operation throughout the district a plan for furnishing representation for any person financially unable to obtain adequate representation in accordance with this section. Representation under each plan shall include counsel and investigative, expert, and other services necessary for adequate representation."[8]

6. Subsection (c) of the C.J.A. provides for the duration and substitution of appointments of counsel and states that "a person for whom counsel is appointed shall be represented at every stage of the proceedings from his initial appearance before the United States magistrate judge or the court through appeal."[9] This subsection also grants the Court to power to terminate and reappointment or substitute court-appoint counsel (no matter what type of funding arrangement is established) to represent an

---

[3] *U.S. v. Haldorson*, Docket No. 32.
[4] *U.S. v. Haldorson*, Docket No. 29.
[5] 18 U.S.C. §3006A (a)(2)(B).
[6] *U.S. v. Haldorson*, Docket No. 111.
[7] 18 U.S.C. § 3006A (a).
[8] U.S. Const. Amend. §VI; 18 U.S.C. §3006A(a).
[9] 18 U.S.C. § 3006A (c).

indigent or otherwise qualified defendant.[10]

7. Pursuant to subsection (b) of Local Rule 83.36, when re-applying for court-appointed counsel, an individual must follow the procedure set forth in subsection (a) of the Rule.[11] Subsection (a) sets forth the application procedures for requesting court-appointed attorney representation.[12] This Rule also sets forth the factors used in determining whether to appoint counsel.[13]

8. The Rule sets forth three requirements for submitting an application for court-appointed attorney representation; specifically: (1) "the application which shall include [(2)] a form of affidavit[14] stating the party's efforts, if any, to obtain counsel by means other than appointment and indicating any prior *pro bono* appointments of counsel to represent that party in cases brought in this Court during the pendency of this case."[15] There have not been any other cases and appointments previously before this Court; nor are there any others currently pending. The only court-appointed attorney that Mr. Haldorson has had was Quinn Michaelis and that appointment was in the above-captioned case. (3) A completed copy of the affidavit of financial status in the form required by L.R.3.3(a)(2).[16] The defendant, Mr. Haldorson, respectfully requests that this Honorable Court take judicial notice of the previously completed affidavit[17] and CJA Order filed on November 24, 2015.

9. To prepare a full and fair defense, Mr. Haldorson needs the assistance of federal paid,

---

[10] *Id*.
[11] L.R. 83.36 (b), Appointment Procedures.
[12] L.R. 83.36 (a), Re-application.
[13] L.R. 83.36 (c). Factors Used in Determining Whether to Appoint.
[14] The application is attached hereto as Exhibit "A".
[15] L.R. 83.36 (a). Appointment Procedures.
[16] L.R. 3.3(a)(2) "Financial Affidavit" means the form of the affidavit of financial status prescribed by the Court.
[17] *U.S. v. Haldorson*, Docket No. 34.

court-appointed attorney representation. After the withdraw of lead-attorney Michaelis, Attorney Johnson remained on the case as Mr. Haldorson's primary counsel. While a fully-licensed, competent attorney, Ms. Johnson obtained her federal license bar and trial licenses for this case in order to gain in-court federal litigation experience. This case has a heavy work load and is difficult for a single attorney to manage effectively, even if this case is their primary focus. We should note that the government added an attorney to their team when the motion practice began and the writing of the filings appear to be split among the two of them.

10. Based upon Attorney Johnson's very limited federal court experience, particularly in heavy, contested litigation matters, receiving experienced court-appointed paid attorney representation in additional to Attorney Johnson remaining as a pro bono attorney. This arrangement would serve to satisfy the constitutional standards demanded by the Sixth Amendment of the United States Constitution, afforded to Mr. Haldorson in this cause by providing him, not only an avenue for representation but also access to the resources necessary to receive adequate representation and a fair trial.[18]

11. In addition to the statutory and rule-based rights of a defendant to court-appointed counsel, the U.S. Constitution provides rights for the defendant that must be adhered to as well.

12. A defendant who is unable to obtain counsel is entitled to have counsel appointed to represent the defendant at every stage of the preceding from initial appearance through appeal, unless the defendant waives his right.[19]

---

[18] U.S. Const. Amend. §V, §VI, and §XIV.
[19] Fed. R. Crim. P. 44.

13. Failure of a party to make a written application for appointed counsel shall not preclude appointment.[20]

14. Mr. Haldorson orally requested substitute counsel on the date of Attorney Michaelis's withdrawal. He was not admonished regarding his right to counsel at the time of her withdrawal; however, the point is moot, because Mr. Haldorson satisfied the requirements to get passed any such waiver by orally requesting that substitute counsel be appointed and attempting to make his case for the appointment. However, the Court did not want to entertain that oral motion on that day and made mention that it may have to review affidavits at another time.

15. This request is made in good faith and solely for preparation of Michael Haldorson's necessary and reasonable defense.

16. If this Honorable Court is not inclined to grant his Motion from the pleadings, Mr. Haldorson requests that a full hearing be held on the merits of the Motion.

17. A Memorandum of Points and Authorities in Support of this Motion is attached hereto and hereby incorporated into this Motion. Said Memorandum details Mr. Haldorson's arguments.

WHEREFORE, for the foregoing reasons, the defendant, MICHAEL HALDORSON, requests that this Honorable Court pursuant to pursuant to U.S. Const. Amend. §V, §VI and §XIV; 18 U.S.C. §3006A *et. seq.*; 28 U.S.C. §1915 et. seq., Fed. R. Crim. P. 5, Fed. R. Crim. P. 44, L.R. 3.3(a)(2), L.R. 83.36, *et. seq.*, and hereby requests that this Honorable Court issue an order granting this Motion and appointing Mr. Haldorson paid attorney representation[21] in this instant cause and for any further relief this Honorable Court deems necessary and just.

---

[20] LR 83.36(a), Application.
[21] 18 U.S.C.A. §3006A(b), (e); Fed. R. Crim. P. 44.

Dated: June 14, 2016.

    Respectfully Submitted:

| /s/Elizabeth A. Johnson | /s/Michael Haldorson |
|---|---|
| _____ | _____ |
| Elizabeth A. Johnson | Michael Haldorson, Defendant |
| Attorney No. 6303621 | |
| Attorney at Law | |
| P.O. Box 725, Morris, IL 60450 | |
| Phone: 773-209-0047 | |
| Email: lizlaw00@yahoo.com | |