**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| **VS.** | ) | **CASE NO. 1:15-CR-00623-1** |
| | ) | |
| | ) | |
| **MICHAEL HALDORSON,** | ) | |
| *Also known as, Mike Jones.* | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
**MICHAEL HALDORSON'S MOTION FOR**
**COURT-APPOINTED ATTORNEY REPRESENTATION**

## MOTION

Now comes the defendant, Michael Haldorson, by Elizabeth A. Johnson, attorney at law, pursuant to U.S. Const. Amend. §V, §VI and §XIV; 18 U.S.C. §3006A *et. seq.*; 28 U.S.C. §1915 *et. seq.*, Fed. R. Crim. P. 5, Fed. R. Crim. P. 44, L.R. 3.3(a)(2), L.R. 83.36, *et. seq.*, and hereby requests that this Honorable Court issue an order granting this Motion and appointing Mr. Haldorson paid attorney representation[1] in this instant cause.

## RELEVANT PROCEDURAL BACKGROUND

Michael Haldorson was arrested on June 23, 2015 in Will County, Illinois. Mr. Haldorson was initially charged with offenses stemming from the same set of facts as in state court. On October 13, 2015 was charged with a federal criminal complaint and arrested thereon on October 14, 2015.

---

[1] 18 U.S.C.A. §3006A(b), (e); Fed. R. Crim. P. 44.

On December 9, 2015, a federal grand jury returned a Bill of Indictment and Mr. Haldorson was thereafter arraigned on said Indictment on December 22, 2015 before the Honorable Judge Matthew Kennelly. On November 24, 2015, Mr. Haldorson requested the assistance of counsel and after a screening process, whereby Mr. Haldorson completed an affidavit and provided all necessary/requested documentation, the Court found him to be indigent and entered an order appointing counsel to represent him at no cost pursuant to the Criminal Justice Act. Mr. Haldorson requests that this Court take judicial notice of the proceedings that occurred on November 24, 2015 and December 9, 2015, in which he was determined to be indigent. From the time when indigency was established to the current day, Mr. Haldorson has been unemployed due to the pretrial conditions that mandate he remain at his residence. Mr. Haldorson believes that it is a fair statement that he is unable to improve his financial position at the present time given the current restraint upon his mobility.[2] It is also fair to say that Mr. Haldorson's situation has grown worse without having a source of income for this time period. After arraignment on the charges contained in the indictment, a pretrial briefing schedule was set by the Court, along with a pretrial status date and a jury trial date. The briefing schedule has been modified at the defendant's request a few times and the trial date has been stricken at the present time, pending completion of filing numerous pretrial motions. On May 6, 2016, his CJA appointed counsel, Quinn Michaelis, filed a Motion to Withdraw.[3] On May 19, 2016, the Court granted her Motion. The withdrawal of

---

[2] See Exhibit "A" Michael Haldorson's Affidavit in Support of this Motion attached hereto.

[3] *U.S. v. Haldorson*, 1:15-cr-623, Docket No. 111, Motion to withdraw as attorney as to Michael P Haldorson Quinn Michaelis (Michaelis, Quinn) (Entered: 05/06/2016).

Attorney Michaelis was reasonable under the circumstances.[4]  After the withdraw of lead-attorney Michaelis, Attorney Johnson remained on the case as Mr. Haldorson's primary counsel.  While a fully-licensed, competent attorney, Ms. Johnson obtained her federal license bar and trial licenses for this case in order to gain in-court federal litigation experience.  This case has a heavy work load and is difficult for a single attorney to manage effectively, even if this case is their primary focus.  We should note that the government added an attorney to their team when the motion practice began and the writing of the filings appear to be split among the two of them.  Based upon Attorney Johnson's very limited federal court experience, particularly in heavy, contested litigation matters, receiving experienced court-appointed paid attorney representation in additional to Attorney Johnson remaining as a pro bono attorney.

## POINTS AND AUTHORITIES

Mr. Haldorson requests that this Court grant this Motion and issue an order appointing him attorney representation[5] in this cause.  This request is made in good faith and solely for preparation of Michael Haldorson's necessary and reasonable defense and to allow him an opportunity for a fair trial, as explained in detail below.

### I.    Right to Counsel and the Constitution.

More than three decades ago the Supreme Court of the United States in *Powell v. Alabama*[6]

---

[4] *See* Affidavit of Michael Haldorson in Support of this Motion attached hereto as Exhibit "B".
[5] 18 U.S.C.A. §3006A(b), (e); Fed. R. Crim. P. 44.
[6] *Powell v. Ala.*, 287 U.S. 45 (1932) (This case involved the application of the fourteenth amendment in a state prosecution for a capital offense. In its holding the court pointed out that "all that it is necessary to decide, as we do decide, is that in a capital case, where the defendant is unable to employ counsel, and is incapable adequately of making his own defense because of ignorance, feeble mindedness, illiteracy, or

recognized in unequivocal terms the necessity of counsel in criminal proceedings:

> "The right to be heard would be, in many cases, of little avail if it
> did not comprehend the right to be heard by counsel. Even the
> intelligent and educated layman has small and sometimes no skill in
> the science of law. If charged with crime, he is incapable, generally,
> of determining for himself whether the indictment is good or bad.
> He is unfamiliar with the rules of evidence. Left without the aid of
> counsel he may be put on trial without a proper charge, and
> convicted upon incompetent evidence, or evidence irrelevant to the
> issue or otherwise inadmissible. He lacks both the skill and
> knowledge adequately to prepare his defense, even though he has a
> perfect one. He requires the guiding hand of counsel at every step
> in the proceedings against him. Without it, though he be not guilty,
> he faces the danger of conviction because he does not know how to
> establish his innocence. If that be true of men of intelligence, how
> much more true is it of the ignorant and illiterate, or those of feeble
> intellect."[7]

It was the 1938 case of *Johnson v. Zerbst*[8] that extended the protection of the sixth

---

the like, it is the duty of the court, whether requested or not, to assign counsel for him as a necessary
requisite of due process of law." *Id*. at 71.)

[7] *Id*. at 69.

[8] *Johnson v. Zerbst*, 304 U.S. 458 (1938).

amendment to all federal criminal defendants by requiring assignment of counsel for indigents at the time of trial.[9] "It is fundamental that a federal criminal defendant has an absolute right under the sixth amendment to be represented by retained counsel of his own choice at the time he appears in court."[10]

    *a.* ***Mr. Haldorson's Right to Counsel is both afforded and protected by the Sixth Amendment of the U.S. Constitution.***

The Sixth Amendment[11] guarantees to every defendant in a criminal trial the *effective*[12] assistance of counsel[13] and is satisfied when counsel is reasonably effective.[14] The Sixth Amendment embodies a realistic recognition of the obvious truth that the average defendant does not have the professional legal skill to protect himself when brought before a tribunal with power to take his life or liberty, wherein the prosecution is presented by experienced and learned counsel.[15] In Federal courts, the Sixth Amendment which provides, inter alia, that "in all criminal prosecutions, the accused shall enjoy the right…to have assistance of counsel for his defense," has been construed as granting to an accused unable to procure the services of an attorney the right to

---

[9] *Id.* at 465.

[10] *Id.* at 52-53.

[11] U.S. Const. Amend. §VI. (The Sixth Amendment states that "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defense.")

[12] (Emphasis added.)

[13] U.S. Const. Amend. §VI.

[14] *Powell*, 287 U.S. at 71-72.

[15] *Johnson*, 304 U.S. at 463-464.

have the court appoint *competent and qualified counsel to assist him*.[16]

In the case presently before the Court, defendant's complaints regarding his quality of representation to right to the heart of the Sixth Amendment. The nature of the complaints here is about lack of communication and failure to perform basic duties and are not directed at Attorney Michaelis personally.[17]

The Court found the issue presented distinguishable from cases in which the accused claimed ineffective assistance of counsel, because "[c]ounsel cannot be 'ineffective' unless his mistakes have harmed the defense."[18]

**II.** **In addition to the Constitutional rights and protections afforded, there are also statutory and rule-based rights of a defendant to court-appointed counsel.**

In addition to the constitutional requirements, Federal Rule of Criminal Procedure 44,[19] the Criminal Justice Act (C.J.A.) 18 U.S.C. § 3006A, and Local Rule 83.36, also govern the issue presented in this Motion.

*Federal Rule of Criminal Procedure 44– Right to & Appointment of Counsel.* Pursuant to Rule 44, "A defendant who is unable to obtain counsel is entitled to have counsel appointed to represent the defendant at every stage of the preceding from initial appearance through appeal,

---

[16] Emphasis added; *Powell* at 65-66.

[17] *See* U.S. Const. Amend. §6; *see also U.S. v. Golden*, 102 F.3d 936 (7th Cir. 1996) (refusal to allow defendant a midtrial substitution of counsel was not an abuse of discretion, given that request for substitution on second day of trial was untimely, court adequately investigated problems between defendant and counsel, most of defendant complaints were about attorney bed side manner and were of a personal nature, and defendant was not dissatisfied with counsel performance at trial.)

[18] *U.S. v. Gonzalez-Lopez*, 126 S. Ct. 2557, 2563 (U.S. 2006).

[19] The Right to and Appointment of Counsel.

unless the defendant waives his right."[20]

*Criminal Justice Act (C.J.A.), 18 U.S.C. § 3006A.* Pursuant to the Criminal Justice Act (C.J.A.),[21] "each United States district court…shall place in operation throughout the district a plan for furnishing representation for any person financially unable to obtain adequate representation in accordance with this section. Representation under each plan shall include counsel and investigative, expert, and other services necessary for adequate representation."[22] Subsection (c) of the C.J.A. provides for the duration and substitution of appointments of counsel and states that "a person for whom counsel is appointed shall be represented at every stage of the proceedings from his initial appearance before the United States magistrate judge or the court through appeal."[23]

*Local Rule 83.36.* Pursuant to Local Rule 83.36,[24] by reason of changed circumstances, a party may apply for appointment of counsel within a reasonable time after the change in circumstances has occurred. Subsection (b) states that an individual must follow the procedure set forth in subsection (a) of the Rule[25] when re-applying for court-appointed counsel. Subsection (a) sets forth the application procedures for requesting court-appointed attorney

---

[20] Fed. R. Crim. P. 44.
[21] 18 U.S.C. § 3006A (a).
[22] U.S. Const. Amend. §VI; 18 U.S.C. §3006A(a).
[23] 18 U.S.C. § 3006A (c) (This subsection also grants the Court to power to terminate and reappointment or substitute court-appoint counsel (no matter what type of funding arrangement is established to represent an indigent or otherwise qualified defendant).
[24] L.R. 83.36 (b), Appointment Procedures.
[25] L.R. 83.36 (b), Appointment Procedures.

7

representation.[26]

Local Rule 83.36 sets forth three requirements for submitting an application for court-appointed attorney representation; specifically: (1) "the application which shall include [(2)] a form of affidavit[27] stating the party's efforts, if any, to obtain counsel by means other than appointment and indicating any prior *pro bono* appointments of counsel to represent that party in cases brought in this Court during the pendency of this case."[28] There have not been any other cases or appoints previously before this Court; nor are there any others currently pending. (3) A completed copy of the affidavit of financial status in the form required by L.R.3.3(a)(2).[29] The defendant, Mr. Haldorson, respectfully requests that this Honorable Court take judicial notice of the CJA Order[30] filed on November 24, 2015 and Mr. Haldorson's previously completed financial affidavit.[31]

The standard most commonly applied was set forth in *Edwards v. United States*:[32] "Mere improvident strategy, bad tactics, mistaken carelessness or inexperience do not necessarily amount to ineffective assistance of counsel.[33] To establish ineffective assistance of counsel, the defendant

---

[26] L.R. 83.36 (a), Re-application.

[27] The application is attached hereto as Exhibit "C".

[28] L.R. 83.36 (a). Appointment Procedures.

[29] L.R. 3.3(a)(2) "Financial Affidavit" means the form of the affidavit of financial status prescribed by the Court.

[30] *U.S. v. Haldorson*, 1:15-cr-623, Docket No. 29, CJA Order Appointing Quinn Michaelis Under the Criminal Justice Act. Signed by the Honorable Sheila M. Finnegan on 11/24/2015. Mailed notice. (ym) (Entered: 11/25/2015).

[31] *U.S. v. Haldorson*, 1:15-cr-623, document no. 32, financial affidavit filed by Michael P Haldorson (SEALED). (ym) (Entered: 12/09/2015) and document no. 33, affidavit of Raymond Lee Haldorson. (ym) (Entered: 12/09/2015), both documents were filed on 12/08/2015.

[32] *Edwards v. U.S.*, 256 F. 2d 707 (1958).

[33] *Id*. at 15.

must show both that counsel's performance was deficient and that there was prejudice.[34] Deficient performance requires a showing that counsel's actions were, in light of all the circumstances, outside the wide range of professionally competent assistance.[35] There is a presumption that counsel's conduct was within the range of reasonable professional assistance and was "sound trial strategy." To show prejudice, the defendant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Prejudice is presumed in certain contexts, such as where there is a denial of counsel or counsel has a conflict of interest.[36] The Supreme Court has stated that to satisfy *Strickland*, a defendant is required to show that: (1) counsel's representation fell below an objective standard of reasonableness, and (2) there was a reasonable probability the result of the proceeding would have been different had counsel acted competently.[37] A reasonable probability is a probability sufficient to undermine confidence in the outcome. It is not enough to show that the errors had some conceivable effect on the outcome of the proceedings; counsel's errors must be so serious as to deprive the defendant of a fair trial. To show that trial counsel's performance was deficient, defendant must overcome the strong presumption that the questioned action or inaction was the result of sound trial strategy. A reviewing court is highly deferential to trial counsel on matters of strategy and must view counsel's performance at the time it occurred rather than in hindsight.[38] The failure to meet either prong of *Strickland* precludes a finding of ineffective assistance of counsel. In this case, appointed

---

[34] *Strickland v. Wash.*, 466 U.S. 668 (1984).
[35] *Id*. at 689.
[36] *People v. Albanese*, 104 Ill.2d 504 (1984); *People v. Barrow*, 133 Ill.2d 226 (1989).
[37] *Harrington v. Richter,* 131 S.Ct. 770 (2011).
[38] *Strickland*, 466 U.S. at 689.

counsel's representation was ineffective. Communication between defendant and Attorney Johnson and Attorney Michaelis totally broke down[39] on May 6, 2016. The breakdown threatens to preclude adequate defense, which supports substitution of counsel; defendant and his court-appointed, lead counsel Quinn Michaelis, were barely communicating, *not[40]* simply disagreeing over trial strategy.[41] Any and all communication between the parties, Attorney Michaelis, Mr. Haldorson, and Attorney Johnson was not substantially productive and did not aid advancement of the defense's pretrial preparation of this case.[42] Mr. Haldorson asserts that the defense of his case was actually hindered by representation as it existed and desperately needed a change. Ms. Michaelis was consistently unprepared, failed to allow defendant and his other counsel to review discovery in a timely fashion and was caught lying to Mr. Haldorson and Attorney Johnson and gave bad advice or no advice at all.

This issue with appointed counsel was brought to the Court as soon as reasonably possible under the circumstances and well in advance of a future trial.[43] Mr. Haldorson and Attorney Johnson attempted to solve any problems privately or at a minimum, make them workable, so as

---

[39] *See Wilson v. Mintzes*, 761 F.2d 275 (6th Cir. 1985).

[40] Emphasis added.

[41] *See* U.S. Const. Amend. §6; *U.S. v. Volpentesta*, 727 F.3d 666 (7th Cir. 2013) *Hall v. Wash.*, 106 F.3d 742 (7th Cir. 1997) (courts are to grant substitution motions only when counsel and defendant are so at odds as to prevent presentation of adequate defense); *see e.g. U.S. v. Andrews*, 754 F. Supp. 1195 (N.D. Ill. 1990).

[42] *Id.*

[43] This case was removed from the trial call on May 12, 2016, to allow the parties more time for pretrial motion filing and briefing. *See*, *e.g.*, *U.S. v. Gaya*, 647 F. 3d 634 (7th Cir. 2011) (trial court did not abuse its discretion in denying defendant's request for continuance to find new counsel in prosecution for cocaine offenses; defendant did not request continuance until morning on which trial began, which was several days after jury had been picked, and he was afforded ample opportunity during previous court appearances to express his dissatisfaction with counsel).

not to have to bring to this issue before the court and to keep all matters moving forward as efficiently as possible; however, that did was not the ultimate result.

<u>Failure to communicate</u>:   Please refer to the Affidavit of Michael Haldorson for details showing a consistent and continued lack of communication.

<u>Failure to tender discovery (or even advise of its existence and/or defense possession)</u>:[44] The preceding three weeks leading up to the filing of the motion to withdraw, Attorney had possession of three discovery discs that the AUSA indicated he would be mailing to both of us. Instead, as the time before, Attorney Michaelis retrieved the discs in person from the AUSA's office and failed to promptly tender them to co-counsel and/or Mr. Haldorson.  This wasn't the first time that there were issues receiving discovery in a timely manner.   Please refer to the Affidavit of Michael Haldorson for further details.

<u>Failure to investigate</u>:  Appointed counsel has also failed to interview witnesses, review documents, or obtain expert assistance on technical matters.  It appeared as if she had no pretrial strategy at all.

<u>Failure to present a specific legal argument</u>:   Appointed counsel did not present specific legal arguments, instead relied upon the work of the other counsel.  There was not merely a difference of opinion as to trial strategy.

There is no fixed rule which prescribes the amount of time that must be allowed between

---

[44] Meaning that Attorney Michaelis picked it up and had possession of it without telling sometimes both counsel and defendant, sometimes just defendant, and sometimes even misrepresenting what discovery she had when asked about by Mr. Haldorson.  He would inquire of the discovery when Attorney Johnson would advise him that Attorney Michaelis stated she had possession of certain discovery.

the appointment of counsel and trial. In determining whether counsel has been allowed adequate time to prepare for trial the court will look to all the facts and circumstances to determine the effect on the subsequent proceedings. "Even when counsel is assigned at such a late date that proper preparation for trial is impossible with poor performance the result, there is almost no possibility that the defendant can raise a successful charge of inadequate representation. While the right to the assistance of counsel is fundamental and substantive, not merely formal, the defendant is not entitled to the most brilliant counsel, but only one whose services are not so inferior as to deny the accused his constitutional right to counsel under the sixth amendment."

Typical advantages of court-appointed counsel include: Most public defenders are committed to the cause of justice and want to help you get the best result possible. They have the resources of a publicly-funded office (including investigators), which private attorneys may not have. In large cities, public defenders are often leaders in the defense community, with significant experience and ability. Public defenders are often in the courthouse on a regular basis handling criminal cases, are likely to be familiar with the judge assigned to your case and the prosecutor handling it. In this case, the federal defender had familiarity with the courthouse and rules and procedures as well. That experience translates into solid and reliable advice. Few private attorneys can match the number of hours spent in criminal court by these lawyers, and their knowledge of the criminal justice system and the players in the courthouse generally works in your favor.

A defendant has a right to expect that his attorney will use every skill, expend every energy, and tap every legitimate resource in exercise of independent professional judgment on behalf of

defendant and in undertaking representation.[45]  Since Mr. Haldorson's appointed counsel was wholly deficient for the reasons stated above and contained in his affidavit, he submits his request for newly appointed counsel.

**III.  Mr. Haldorson has always expressed his need to be represented and has never waived his right to an attorney.**

The purpose of the constitutional guaranty of a right to counsel is to protect an accused from conviction resulting from his own ignorance of his legal and constitutional rights, and the guaranty would be nullified by a determination that an accused's ignorant failure to claim his rights removes the protection of the Constitution.[46]  These principles, however, must be construed and applied so as to preserve - not destroy - constitutional safeguards of human life and liberty.[47]  When this right is properly waived, the assistance of counsel is no longer a necessary element of the court's jurisdiction to proceed to conviction and sentence.[48]  If the accused, however, is not represented by counsel and has not competently and intelligently waived his constitutional right, the Sixth Amendment stands as a jurisdictional bar to a valid conviction and sentence depriving him of his life or his liberty.[49]  A court's jurisdiction at the hearing of trial may be lost in the course of the proceedings due to failure to complete the court-as the Sixth Amendment requires-by providing counsel for an accused who is unable to obtain counsel, who has not intelligently waived

---

[45] *Frazer v. U.S.*, 18 F.3d 778, 779 (9th Cir. 1994); U.S. Const. Amend §VI.

[46] *Johnson*, 304 U.S. at 467.

[47] *Johnson,* 304 U.S. at 467.

[48] *Johnson*, 304 U.S. at 468.

[49] *Johnson*, 304 U.S. at 468.

this constitutional guaranty, and whose life or liberty is at stake.[50] If this requirement of the Sixth Amendment is not complied with, the court no longer has jurisdiction to proceed. The judgment of conviction pronounced by a court without jurisdiction is void, and one imprisoned thereunder may obtain release by habeas corpus.[51] A judge of the United States to whom a petition for habeas corpus is addressed should be alert to examine "the facts for himself when if true as alleged they make the trial absolutely void."[52]

Mr. Haldorson has never waived his right to an attorney. Failure of a party to make a written application for appointed counsel shall not preclude appointment.[53] Mr. Haldorson orally requested substitute counsel on the date of Attorney Michaelis's withdrawal. He was not admonished regarding his right to counsel at the time of her withdrawal; however, the point is moot, because Mr. Haldorson satisfied the requirements to get passed any such waiver by orally requesting that substitute counsel be appointed and attempting to make his case for the appointment. However, the Court did not want to entertain that oral motion on that day and made mention that it may have to review affidavits at another time.

## CONCLUSION

The Court should grant this Motion and appoint Mr. Haldorson attorney representation in this case. Mr. Haldorson has demonstrated that he can satisfy all legal standards in order to properly qualify for appointed counsel. Therefore, Mr. Haldorson requests that this Honorable

---

[50] *Johnson*, 304 U.S. at 468, *citing*, *Mangum* at 327, supra.

[51] *Johnson*, 304 U.S. at 468, *citing*, *ex-parte Hans Neilsen*, Petitioner, supra.

[52] *Johnson*, 304 U.S. at 468, *citing*, *Moore v. Dempsey*, 261 U.S. 86, 92 (1923); *Patton*, 281 U.S. at 312, 313.

[53] LR 83.36(a), Application.

Court issue an order granting this Motion and appointing Mr. Haldorson paid attorney representation[54] in this instant cause.


Dated: June 7, 2016.


                    Respectfully Submitted:

                    /s/Elizabeth A. Johnson              /s/Michael Haldorson
                    _____              _____
                    Elizabeth A. Johnson                 Michael Haldorson, Defendant
                    Attorney No. 6303621
                    Attorney at Law
                    P.O. Box 725, Morris, IL 60450
                    Phone: 773-209-0047
                    Email: lizlaw00@yahoo.com

---

[54] 18 U.S.C.A. §3006A(b), (e); Fed. R. Crim. P. 44.