UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MICHAEL P. HALDORSON | No. 15 CR 623<br><br>Judge Matthew F. Kennelly |

## SUPPLEMENTAL PROTECTIVE ORDER GOVERNING DISCOVERY

Upon the unopposed motion of the government, pursuant to Federal Rule of Criminal Procedure 16(d), it is hereby ORDERED:

1. Consistent with the terms of Federal Rule of Criminal Procedure 16, two documents provided by the government to the Court for *in camera* review, entitled "Illinois State Police Directive OPS-044, Official Advanced Funds" and "Illinois State Police Directive OPS-045, Confidential Sources" (collectively, "ISP Directives") shall be tendered to counsel for the defendant, as set forth below.

2. Counsel for the Will County Cooperative Police Assistance Team having stated that the ISP Directives contain sensitive information regarding law enforcement policies and that disclosure could have a negative impact on law enforcement interests, the Court having reviewed the ISP Directives, it is ordered that the government shall tender a copy of the ISP Directives to counsel for defendant (defined as counsel of record in this case). The ISP Directives shall be subject to an "Attorney's Eyes Only" restriction.

3.

4. Neither the ISP Directives nor the information contained therein may be disclosed to any person other than counsel for defendant without prior notice to

the government and authorization from the Court. This restriction applies to defendant.

5. Absent prior permission from the Court, neither the ISP Directives nor the information contained therein shall be included in any public filing with the Court, and instead shall be submitted under seal.

6. Counsel for defendant shall not copy or otherwise reproduce the ISP Directives without notice to the government and prior approval of the Court. In the event that the Court authorizes the duplication or reproduction of the ISP Directives or information contained therein, the copies shall be treated in the same manner as the original materials.

7. Counsel for defendant shall not disclose any notes or records of any kind made in relation to the contents of the ISP Directives, and all such notes or records are to be treated in the same manner as the original materials.

8. Upon conclusion of all stages of this case, the ISP Directives and all copies made thereof pursuant to Court authorization shall be returned to the government. The Court shall maintain a copy of the ISP Directives under seal for further use as necessary. The Court may require a certification from defense counsel as to the disposition of the ISP Directives.

9.

10. The restrictions set forth in this Order do not apply to documents that are or become part of the public court record, nor do the restrictions in this Order limit defense counsel in the use of the ISP Materials or the information contained therein during the judicial proceedings in this case, including but not limited to the

2

hearing on the motion to suppress evidence, except that any document filed by any party which attaches or otherwise discloses information as described above shall be filed under seal to the extent necessary to protect such information, absent prior permission from this Court.

11. Nothing in this Order shall modify the applicability of the Protective Order Governing Discovery, entered on November 3, 2015 (Docket No. 17), to other discovery materials tendered to the defense.

12. Nothing contained in this Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof.

13.

ENTER:

_____
MATTHEW F. KENNELLY
District Judge
United States District Court
Northern District of Illinois

Date: 10-21-2016

3